UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG ISLAND NEUROSURGICAL ASSOCIATES, P.C.,<br><br>                Plaintiff,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>                Defendant. | Case No. 2:18-cv-03660-SJF-GRB |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S**
**FED. R. CIV. P. 41(a)(1) NOTICE OF DISMISSAL**

Defendant Aetna Life Insurance Company ("Aetna") objects to Plaintiff's purported Fed. R. Civ. P. 41(a)(1) notice of voluntary dismissal. Plaintiff's notice is ineffective because Aetna's fully-briefed motion to dismiss is pending and Plaintiff filed the notice without Aetna's consent. *See* Fed. R. Civ. P. 41(a)(1).

This action can be dismissed at Plaintiff's request only upon entry of an order containing "the terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(1). Because Plaintiff has already stated its intention to sue Aetna again, the terms and conditions the Court should place on withdrawal should include payment of Aetna's legal fees and expenses in this case, particularly if Plaintiff follows through on its stated intention to promptly file another lawsuit relating to the same subject matter.

In support of its objection, Aetna states as follows:

**I.     Procedural History**

1. This action was initiated through the filing of a complaint in the New York Supreme Court, Nassau County (the "Original Complaint"). (Dkt. No. 1, Ex. A.) The Original Complaint was filed in the name of Long Island Neurosurgical Associates ("LINA").

2. On July 5, 2018, after Aetna removed the case to this Court, LINA filed an amended complaint (the "First Amended Complaint"). (Dkt. No. 9.)

3. Aetna then served a motion to dismiss arguing that the claims asserted in the First Amended Complaint were preempted by ERISA and that LINA failed to state a claim under New York state law. (Dkt. No. 25-4.)

4. On October 18, 2018, LINA substituted itself out as plaintiff, filing another amended complaint in the name of an Aetna member (the "Second Amended Complaint"). (Dkt. No. 17.) LINA did not seek leave of Court for this substitution.

5. On January 18, 2019, pursuant to Judge Feuerstein's Individual Rules and the "bundle rule," Aetna submitted the parties' papers relating to Aetna's fully-briefed motion to dismiss the Second Amended Complaint. (Dkt. No. 25.) Aetna asserts that the Second Amended Complaint must be dismissed because (a) Plaintiff's claims are time-barred; (b) Plaintiff has not stated and cannot state a viable claim under ERISA; and (c) LINA violated Fed. R. Civ. P. 25 by substituting itself out as the plaintiff without leave. (*Id.*)

6. Judge Feuerstein referred Aetna's motion to dismiss to Magistrate Judge Brown on April 11, 2019, and the motion remains fully-briefed and pending.

## II. Plaintiff Did Not Obtain Aetna's Consent

7. On Friday, May 31, 2019, at about 7:55 a.m., Plaintiff's counsel called Aetna's counsel and requested, for the first time, that Aetna consent to Plaintiff's voluntary dismissal of this action.

8. Aetna's counsel declined this request on behalf of Aetna and followed up with an email to Plaintiff's counsel memorializing the conversation and reiterating Aetna's lack of consent. Aetna's counsel's email stated as follows:

> I'm writing to follow up on your call this morning requesting Aetna's consent for LINA to withdraw its actions. As discussed this morning and earlier this week, I will be in court all day today for a hearing. I will discuss your request with my client Monday. At this time, Aetna does not [consent], but I'll get back to you after I have a chance to talk to my client.

9. Just a few hours later, despite Aetna's express lack of consent, Plaintiff filed a "Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i)," which rule requires the defendant's consent for a voluntary dismissal when, as here, the defendant has moved to dismiss.

10. Shortly after filing the notice, Plaintiff's counsel sent Aetna's counsel an email stating that Plaintiff was ending the parties' settlement talks and that Plaintiff "will be starting new lawsuits for the cases that were withdrawn today."[1]

## III. ARGUMENT

11. Rule 41 is clear. A plaintiff can voluntarily withdraw a case without prejudice only if (i) the defendant has not filed an answer or motion to dismiss; or (ii) the defendant consents to the withdrawal. Fed. R. Civ. P. 41(a)(1).

---

[1] On Friday, May 31, 2019, LINA also withdrew two other cases against Aetna without prejudice and without Aetna's consent.

3

12. Otherwise, "an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper**." *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018) (emphasis added); *quoting* Fed. R. Civ. P. 41(a)(2).

13. Thus, because Aetna has filed a fully-briefed motion to dismiss and Aetna has not consented to Plaintiff's voluntary withdrawal, this action may be dismissed at Plaintiff's request only upon order of the Court and upon such terms and conditions as the Court deems proper.

14. As the D.C. Circuit has explained, "[g]enerally, courts condition the voluntary dismissal on the requirement that the plaintiff pay defendant's attorneys fees and costs in order to compensate the defendant for the unnecessary expense that the litigation has caused because the defendant may have to defend again at a later time and incur duplicative legal expenses. ***Indeed, such conditions should be imposed as a matter of course in most cases***." *In re Calomiris*, 3 A.3d 308, 314 (D.C. 2010) (internal quotation marks omitted; emphasis added).

15. Here, imposition of "terms that the court considers proper" is particularly appropriate because LINA "has made clear its intention to refile this lawsuit." *Doe v. Quest Diagnostics, Inc.*, 318 F.R.D. 707, 711 (S.D.N.Y. 2016), vacated following the plaintiffs' withdrawal of motion for voluntary dismissal, *Doe v. Quest Diagnositcs, Inc.*, Civ. A. No. 15-8992, 2017 U.S. Dist. LEXIS 42885, at *7 (S.D.N.Y. Mar. 23, 2017).

16. The terms of dismissal should include LINA's payment of Aetna's legal fees and expenses, especially if LINA follows through on its stated intention to voluntarily dismiss this action then re-file the litigation.[2] *See, e.g., id.* (imposing fees and expenses as a condition of

---

[2] After holding that the "Plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2) [was] conditioned upon the payment of certain of Defendants' fees," the *Quest Diagnostics, Inc.* Court held that "Plaintiff may elect to dismiss the case with prejudice and will not be required to pay any fees." *Doe v. Quest Diagnostics, Inc.*, 318 F.R.D. at 712.

4

voluntary dismissal without prejudice where the dismissing plaintiff stated an intention to file another suit against the defendant after dismissal); *New La. Holdings, LLC v. Arrowsmith*, No. 11-5031, 2012 U.S. Dist. LEXIS 173313, at *35-36 (N.D. Ill. Dec. 4, 2012) ("Where a case is voluntarily dismissed and re-filed by the plaintiff, attorneys' fees are awarded to the defendant to compensate for the unnecessary expenses incurred by the litigation.").

17. LINA has forced Aetna to put significant time and resources into this case. Aetna has already submitted filings responsive to three complaints, including three briefs in support of two motions to dismiss, and Aetna's counsel has appeared at four court conferences over the course of the last year. LINA should not be permitted to file yet another complaint against Aetna—for the fourth time—without making Aetna whole for the fees and expenses it has had to incur defending against LINA's last three non-meritorious and time-barred complaints. *See* 8 Moore's Federal Practice – Civil § 41.40 (3d ed.) ("The purpose of Rule 41(a)(2) is to permit the plaintiff to dismiss the action while avoiding prejudice to the defendant through the imposition of curative conditions.").

18. If the Court imposes LINA's payment of Aetna's fees and expenses as a condition of withdrawal, LINA will then have the "choice between accepting the conditions and obtaining dismissal and, if [LINA] feels that the conditions are too burdensome, withdrawing [the] dismissal motion and proceeding with the case on the merits." *Paysys*, 901 F.3d at 109.

19. Aetna also asks the Court to impose any other conditions of dismissal the Court deems just and proper, and Aetna requests the opportunity to weigh in on the conditions if Plaintiff properly moves to dismiss voluntarily.

5

## IV. CONCLUSION

20. For the reasons stated above, Aetna objects to Plaintiff's purported Fed. R. Civ. P. 41(a)(1) Notice of Voluntary Dismissal, and Aetna requests that the Court reject the ineffective notice.

Respectfully submitted,

**SPRAGUE & SPRAGUE**

By: /s/ Jordann R. Conaboy
Jordann R. Conaboy, Esquire
The Wellington Building, Suite 400
135 S. 19th Street
Philadelphia, PA 19103
(215) 561-7681
jconaboy@spragueandsprague.com
*Counsel for Defendant*

Date: June 3, 2019

## **Certificate of Service**

I, Jordann R. Conaboy, hereby certify that on June 3, 2019, I caused a true and correct copy of the foregoing to be served upon the following counsel of record *via* ECF:

Robert J. Axelrod
Axelrod LLP
800 Third Avenue, Suite 2800
New York, NY 10022
T: (646) 448-5263
F: (212) 292-3801
rjaxelrod@axelrodllp.com

Nan Geist Faber, Esquire
NAN GEIST FABER, P.C.
996 Dartmouth Lane
Woodmere, New York 11598
T: (516) 526-2456
F: (516) 295-2974
nfaber@nangeistfaber.com

*Counsel for Plaintiff*
*Long Island Neurosurgical Associates, P.C.*

/s/ Jordann R. Conaboy
Jordann R. Conaboy, Esq.